163 N.J. Super. 560 (1978)
395 A.2d 270
MARVIN K. HITCHNER, JR., PETITIONER,
v.
CUMBERLAND COUNTY BOARD OF ELECTIONS, RESPONDENT.
Superior Court of New Jersey, Cumberland County Court, Law Division.
November 7, 1978.
Mr. Walter Gavigan for petitioner (Thomas K.J. Tuso, attorney).
*561 MILLER, J.C.C.
This matter comes before the court on petitioner Marvin K. Hitchner's application for an order allowing him to vote pursuant to N.J.S.A. 19:32-41. It requires this court to determine whether a person who has been convicted of a criminal offense, but who is free on his own recognizance pending a future surrender date to the penitentiary, is within the class disenfranchised by N.J.S.A. 19:4-1(8).
Petitioner pled guilty to an information charging him with conspiring to defraud the United States and the Small Business Bureau. The United States District Court convicted petitioner and sentenced him to a term in the federal penitentiary. The surrender date to the penitentiary is November 20, 1978. Pending that surrender date petitioner remains free on his own recognizance.
On November 7, 1978 petitioner attempted to vote at the proper polling place but was not permitted to vote. The refusal by the election officials was based upon petitioner's conviction. At the time of the election he was not serving a sentence, on parole, or on probation. Furthermore he was never served with any notice regarding this matter.
N.J. Const. (1947), Art. II, par. 7 provides:
The Legislature may pass laws to deprive persons of the right of suffrage who shall be convicted of such crimes as it may designate. Any person so deprived, when pardoned or otherwise restored by law to the right of suffrage, shall again enjoy that right.
In 1948, acting pursuant to this provision, the Legislature enacted N.J.S.A. 19:4-1 which provided in pertinent part:
* * * No person shall have the right of suffrage 
(1) Who is an idiot or is insane; or
(2) Who has been or shall be convicted of any of the following designated crimes * * *
(3) Who was convicted prior to * * *
(4) Who shall hereafter be convicted of * * *
(5) Who was convicted after * * *.
*562 In Stephens v. Yeomans, 327 F. Supp. 1182 (D.N.J. 1970), Judge Gibbons, writing for a three-judge District Court, held that the classifications set forth in N.J.S.A. 19:4-1(2) to (5) were violative of the Equal Protection Clause. The court found no rational basis for the classification in the statute of which crimes would result in disenfranchisement.
The Legislature, in response to Stephens, amended N.J.S.A. 19:4-1 by deleting subsecs. (2) to (5) and adding (8), which provides:
(8) Who is serving a sentence or is on parole or probation as the result of a conviction of any indictable offense under the laws of this state or another state or of the United States.
The change in the language contained in the amendment when compared to the language of the deleted portions is significant. While the now repealed subsecs. (2) to (5) spoke of one "who was convicted" of a crime, subsec. (8) includes only those who are serving a sentence or are on parole or probation. This narrowing of the class of those losing the right to suffrage is dispositive of the matter herein presented. Petitioner, while already convicted, had not yet begun serving his sentence nor was he on probation or parole on election day. Therefore, under the unambiguous language of subsec. (8) petitioner is not within the class disenfranchised.
Petitioner's second ground is based upon the failure of the County Board of Elections, acting as the superintendent of elections pursuant to the last paragraph of N.J.S.A. 19:31-2, and hereinafter designated as the Superintendent, to provide notice to petitioner before signing any order compelling the district board to refuse to allow such person to vote.
N.J.S.A. 19:32-39 provides:
The superintendent, before signing such order in writing to any district board, shall give notice of his proposed action to such *563 registered person, (1) personally, or (2) by leaving the same at the person's registered place of residence ... or (3) by sending the same by mail and addressed to the person at his registered place of residence at least two entire days before issuance of the order ...
Here the superintendent provided no notice to petitioner either before of after signing the order. Petitioner only learned of the superintendent's actions when he was refused the right to vote at the polling place. Clearly, this lack of notice was in direct violation of the statute.
Before the right of suffrage may be taken away from a person he must have notice under the statute, and thus be given the opportunity to be heard in his own behalf. By the superintendent not complying with the statutory notice requirements the individual is hampered in his efforts to defend his right to vote. Where the statutory notice requirements are not followed by the superintendent, the voter cannot be prevented from exercising the right to vote. The order of the superintendent to the district board is void.
For the foregoing reasons petitioner has met his burden of proof in establishing his right to vote at such election.